Christian J.
delivered the opinion of the court.
•This is a supersedeas to a judgment of the Circuit court of Albemarle. That court, by its decree rendered on the 22d of October 1860, in a certain chancery cause therein pending, in the name and style of “ Figgatt, guardian, v. McClun, directed John W. Goss, sheriff of Albemarle, to collect certain bonds filed in said cause, and deposit the net proceeds of such collections in the Albemarle Insurance Company’s office, to the credit of the cause, until the further order of the court.
Ho report of his action under this order was made by Goss until the 14th of May 1866. On that day he reported that he had made collections under the order of October 22d, 1860, of the net sum, after deducting commissions and other charges, of eight hundred and forty-two dollars and thirteen cents; that this collection was *831 made on the 5th of May 1862, and that, as he was required to do by said decree, he made application to the Albemarle Insurance Company to take the amount collected on deposit, and issue their certificate of deposit therefor; which the said company, through their cashier, refused to do; and hence the money was not deposited as the decree aforesaid directed. At the October term 1866 the cause came on again to be heard upon the papers formerly read, and the report of John W. Goss, late sheriff of Albemarle, &c.; on consideration whereof the said coui’t adjudged, ordered and decreed, that the said John W. Goss, asíate sheriff' of Albemarle, should pay to S. Y. Southall, as receiver, théreby appointed by the court, the sum of eight hundred and forty-two dollars and thirty-eight cents, with interest thereon at the rate of six per centum per annum from the 5th day of May 1862 till paid.
On the 20th of January, 1869, S. V. Southall, signing his name as “receiver in Figgatt, guardian, v. McClun,” prepared and signed a notice in writing, addressed to John 'W. Goss, sheriff of Albemarle, and his sureties, which notice, after reciting the execution of'the sheriff’s bond by Goss and his sureties, and after reciting the decree of the Circuit court of Albemarle, above referred to, and the fact that of the amount decreed to be paid to Southall, receiver^ the sum of $842.13 was collected by Goss during his term of office as sheriff, commencing on the 1st of January 1861 and ending on the 1st of January 1862, notified the said sheriff and his sureties, that on the 3d day of the next May term of the Circuit court of Albemarle, the said S. Y. Southall, as receiver as aforesaid, would move the said court for judgment against them for the sum of ninety thousand dollars (the penalty of the sheriff’s bond) to be discharged by the payment of $842.13, with six *832 per cent, interest thereon from the 6th of May 1862 till ^ ** paid, subject to two credits—$30 as of the 11th of De1867, and $20 as of the 18th of February 1868, , and costs.
This notice was executed on the sheriff Goss and all his sureties except one. Two of the parties had sixty days notice before the day fixed for the motion ; others more than thirty days; and all of them more than ten days. For some cause the motion was not finally heard, until the May term of the court in the year 1871, when a judgment was entered against the sheriff and his sureties (except Branham, upon whom no notice was served) for the sum of $842.13, with six per cent, interest thereon from the 5th of May 1862 till paid, and costs, subject to a credit of $30 paid 11th of December 1867 and $20 paid 18th of February 1868. To this judgment a writ of error and supersedeas was applied for, and awarded by one of the judges of this court.
The court is of opinion that there is no error in this, judgment.
The proceeding against the sheriff and his sureties was a proper one, and the judgment authorized, under the 40th section of ch. 49, Code of 1860, which is. in these words: “ Of judgments on certain motions against officers and their deputies:” §40. “If any officer or his deputy shall make such return upon any order, warrant, or process, as entitles any person to recover money from such officer by action, the court to which, or to the clerk’s office of which such return is made, may, on a motion on behalf of such person, give judgment against such officer and his sureties, and against his and their personal representatives, for so much principal and interest as would, at.the time such return ought to have been made, be recoverable by such action, with interest *833 thereon "at the rate of fifteen per centum per annum from that time until payment.”
This section, by its very terms, covers the case before us. The decree of the Circuit court of Albemarle, entered on the 22d of October 1860, was an “order” directing the sheriff, John W. Goss, to make certain collections, and deposit the net proceeds in the Albemarle Insurance Company’s office, to the credit of the cause. The return which the sheriff made upon this “order,” on the 14th of May 1866 was to the effect that he had collected the money in May 1862, hut that the Albemarle Insurance Company refused to receive it on deposit, and that it was still in his hands. Whereupon, the court directed him to pay it over to S. Y. Southall, receiver, appointed by the court in the same decree. Certainly, the parties entitled to collect the fund could have recovered it by action against the sheriff and his sureties; and this section declares that “ if any officer shall make such return upon any order as entitles any person to recover money from such officer by action, the court may, on behalf of such person, give judgment,” &c. The motion was in this case properly made by the receiver, who was to receive and collect the fund on the behalf of the parties entitled to it. It was properly made, and the judgment authorized under the section referred to (§ 40, ch. 49, Code of 1860.) Under this section the service to the sheriff and his sureties was properly executed, as ten days notice is sufficient.
The court is further of opinion, that there was no error in giving judgment for the full amount collected by the sheriff, instead of its scaled value. The decree directing the collection of the bonds, filed in the suit of Figgatt, guardian, v. McClun,” was entered in October 1860; so that the sheriff was only authorized to receive a sound currency. Eor does he claim that he collected it in any *834 °^er currency- His report is silent as to the kind of currency he received; and the presumption is, he collected only such currency as the court authorized him j_o cojjec^ jn p0jnt 0f facj; Confederate currency, on ppg 50f May 1862, the date of the collection by the J J sheriff, if such was collected, was of equal value to the present currency, on the day the decree was entered against him. (October 1866.)
Upon the whole case, the court is of opinion, that there was no error in the judgment of the Circuit court of Albemarle, and that the same «hould be affirmed.
Judgment aííirmed.